J. Angus Edwards (USB #7465)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
Telephone:  (801) 521-3200
aedwards@joneswaldo.com

*Attorneys for Defendant RSUI Indemnity Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

|  |  |
|---|---|
| CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC. an Indiana corporation, and CARL BARNEY, in individual, | ) ) ) ) ) |
|  | Case No. 2:17-cv-01329-PMW |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RSUI INDEMNITY COMPANY, a New Hampshire corporation, | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, RSUI Indemnity Company ("RIC") through undersigned counsel, Angus Edwards of Jones Waldo Holbrook & McDonough, P.C., hereby removes this action from the Third Judicial Court for Salt Lake City, Utah, to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1332, 1441,and 1446, and states as follows in support of this Notice of Removal:

1.      Plaintiffs Center for Excellence in Higher Education Inc. ("CEHE") and Carl Barney ("Barney")(collectively, "Plaintiffs") filed this action in the Third Judicial District Court for Salt Lake City, Utah, asserting claims for (1) declaratory judgment; (2) breach of contract

and (3) breach of covenant of good faith and fair dealing/bad faith (the "CEHE Action").  *See* Exhibit A, Plaintiffs' Complaint.

2.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.  This court has original jurisdiction of the CEHE Action because the procedural requirements for removal are satisfied, as this is an action where Plaintiffs are citizens of states different from RIC and in which the amount in controversy exceeds$75,000, exclusive of interest and costs.

**I.      THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

3.      Plaintiffs' Complaint is file-stamped August 4, 2017.  However, RIC did not receive notice of the filed Complaint until December 1, 2017, when it was served with the Complaint.  *See* Exhibit A, Summons of Service. Therefore, this Notice of Removal is timely under28 U.S.C. § 1446(b).

4.      In accordance with the Federal Rules of Civil Procedure copies of all executed process, pleadings, and orders served upon this defendant are attached hereto as Exhibit A.  28 U.S.C. §1446(a).

5.      The United States District Court for the District of Utah, Central Division, embraces the locality in which the state court action is now pending, and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 125(2) and 1441(a).

6.      No previous application has been made for the relief requested herein.

7.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, which reflects the style of the case exactly as it was styled in state court, is being served on Plaintiffs' counsel and a copy is contemporaneously being filed with the Clerk for the Third Judicial District Court for Salt Lake City, Utah.

1412633.1

8.     The appropriate filing fee has been tendered to the Clerk of the United States District Court for the District of Utah, Central Division.

9.     This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

10.     If any question arises regarding the propriety of the removal of this action, the removing defendant respectfully requests the opportunity to present a brief and an oral argument in support of the position that this case is removable.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1453.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action where each of the plaintiffs is a citizen of a state different from the defendant in which the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.     Complete Diversity of Citizenship Exists.

#### 1.     Plaintiffs Are Citizens Of Indiana, Utah and Nevada.

12.     Plaintiff CEHE, upon information and belief, is a citizen of the states of Indiana and Utah because it is an Indiana corporation with its principal place of business in Salt Lake City, Utah. 28 U.S.C. § 1332(c)(1) (for diversity of citizenship purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

13.     Plaintiff Barney, upon information and belief, is a citizen of the state of Nevada. An individual's citizenship in regard to diversity subject matter jurisdiction is the individual's domicile.  *Wolf Mountain Resorts LC v. ASC Utah, Inc., American Skiing Co.*, No. 08-cv-191, 2008 WL 2838659, *1 (D. Utah July 21, 2008) ("An individual's state citizenship is equivalent to domicile.")

> **2.      Defendant Is a Citizen Of States Other Than Indiana, Utah and Nevada.**

14.      Defendant RIC is a citizen of New Hampshire and Georgia because RIC is incorporated under the laws of New Hampshire with its principal place of business in Atlanta, Georgia.  *See* 28 U.S.C. § 1332(c)(1).

> **B.      The Amount in Controversy Requirement is Satisfied.**

15.      It is apparent from the allegations the Complaint that the amount in controversy in this case substantially exceeds $75,000, exclusive of interest and costs.  *Woodmen of World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1216-17 (10th Cir. 2003) (the amount alleged in the complaint alone is sufficient to satisfy showing that case satisfies jurisdictional requirement).

16.      The Complaint alleges that Plaintiffs are owed in excess of $300,000.  *See* Exhibit A, Complaint at ¶¶ 22, 45, Prayer for Relief.

17.      Given the allegations contained in Plaintiffs' Complaint, the amount in controversy is reasonably believed to exceed $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, RSUI Indemnity Company, respectfully removes this action from the Third Judicial Court for Salt Lake City, Utah, to the United States District Court for the District of Utah, pursuant to 28 U.S.C. §§ 1332, 1441,and 1446. Should any question arise as to this removal, the removing Defendant respectfully requests an opportunity to provide briefing and an oral argument as to why removal is proper.

Respectfully submitted,


/s/ J. Angus Edwards
Angus Edwards, Esq.
Jones Waldo Holbrook & McDonough, PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: 801-521-3200
Fax: 801-328-0537
*Attorneys for Defendant RSUI Indemnity Company*

5

## CERTIFICATE OF SERVICE

I certify that on December 29th, 2017, the foregoing **NOTICE OF REMOVAL** was

filed with the Court's ECF System which provided electronic notice to all attorneys of record.


/s/ J. Angus Edwards
*Attorneys for Defendant RSUI Indemnity
Company*

1412633.1