# EXHIBIT A

Stephen E.W. Hale (5285)
Laura G. Kennedy (7238)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
shale@parrbrown.com
lkennedy@parrbrown.com

*Attorneys for Plaintiffs*

Date /Dec 17  Time 9:01A
R/B)15 W So. Temple #1701
Upon Dixie Bower -agent
cc/sm Madsen OL
Deputy - Private Investigator - Process Server
Salt Lake County Constable, Bob Reitz
7026 Commerce Park Dr. #101, Midvale, UT
(801) 255-5468

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

## SALT LAKE COUNTY, STATE OF UTAH

| CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC. an Indiana corporation, and CARL BARNEY, in individual,<br><br>Plaintiffs,<br><br>vs.<br><br>RSUI INDEMNITY COMPANY, a New Hampshire corporation,<br><br>Defendant. | **SUMMONS**<br><br>[TIES 3]<br><br>Civil No. 170904946<br><br>Judge Su Chon |
|---|---|

**THE STATE OF UTAH TO DEFENDANT:**

<u>**RSUI INDEMNITY COMPANY**</u>
**Registered Agent: Corporation Service Company**
**15 West South Temple, Suite 1701**
**Salt Lake City, UT 84101**

You are hereby summoned and required to file an answer in writing to the attached

COMPLAINT, with the clerk of the above-entitled Court, 450 South State Street, Salt Lake City,

Utah 84114, and to serve upon, or mail to Stephen E. W. Hale or Laura G. Kennedy of Parr Brown Gee & Loveless, attorneys for Plaintiffs, Capital Funding, LLC and Composite Materials Industries, LLC at 101 South 200 East, Suite 700, Salt Lake City, Utah 84111, a copy of said answer within thirty (30) days after service of this Summons upon you.

If you fail to do so, Judgment by Default will be taken against you for the relief demanded in said Complaint, which has been filed with the clerk of said court and a copy of which is hereto annexed and herewith served upon you.

DATED this 30th day of November, 2017.

PARR BROWN GEE & LOVELESS, P.C.

_____
Stephen E. W. Hale
Laura G. Kennedy
*Attorneys for Plaintiffs*

Serve Plaintiff at:

Stephen E.W. Hale
Laura G. Kennedy
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111

Stephen E. W. Hale (5285)
Laura G. Kennedy (7238)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
shale@parrbrown.com
lkennedy@parrbrown.com

*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR

## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CENTER FOR EXCELLENCE IN HIGHER EDUCATION, INC. an Indiana corporation, and CARL BARNEY, in individual, | **COMPLAINT** |
| Plaintiffs, | **(Tier 3)** |
| vs. | **Jury Demanded** |
| RSUI INDEMNITY COMPANY, a New Hampshire corporation, | Case No. _____ |
| Defendant. | Judge _____ |

Plaintiffs Center for Excellence in Higher Education, Inc. ("CEHE") and Carl Barney ("Barney") (Barney and CEHE sometimes are referred to collectively as the "Insureds"), complain against insurance company defendant RSUI Indemnity Company ("Insurance Company") as follows:

## Parties, Jurisdiction & Venue

1. CEHE is an Indiana nonprofit public benefit corporation organized and operated exclusively for charitable and educational purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code of 1986, as amended. Its principal place of business is located in Salt Lake City, Utah.

2. Barney, a director of CEHE, is an individual residing in Nevada. CEHE and Barney will be referred to collectively as the "Insureds." Hereinafter, the Insureds and Insurance Company will be referred to collectively as the "Parties."

3. On information and belief, the Insurance Company is organized under the laws of New Hampshire with its principal place of business located in Atlanta, Georgia.

4. On information and belief, the Insurance Company is registered with the Utah Insurance Department and conducts business within the State of Utah.

5. Inasmuch as the Insurance Company has transacted business within the State of Utah, it is subject to the jurisdiction of this Court pursuant to Sections 78B-3-205 and 78A-5-102 of the Utah Code.

6. The Court has power to issue a declaratory judgment determining the rights and other legal relations of one or more of the Parties pursuant to Section 78B-6-401 of the Utah Code.

7. Venue is proper in this Court pursuant to Sections 78B-3-304 and 78B-3-307 of the Utah Code.

## General Factual Allegations

8. CEHE purchased a policy of insurance from the Insurance Company, policy number NHP649785, for the policy period December 31, 2012 to December 31, 2013, which CEHE renewed for the policy period December 31, 2013 to December 31, 2014, as policy number NHP655097, and for the policy period December 31, 2014 to December 31, 2015, as policy number NHP660832 (collectively, the "Policy").

9. CEHE has paid the Insurance Company the full amount of the premiums owed for the Policy, which amount totaled approximately $150,000, which the Insurance Company has accepted.

10. In exchange for the premiums it received, among other things, the Insurance Company has a duty to defend any claim against the Insureds for which coverage applies under the terms of the Policy.

11. Both CEHE and Barney are insureds under the terms of the Policy. CEHE is the named insured and an "Insured Organization" under the terms of the Policy. Barney is a director of CEHE and, as such, is an "Insured Person" under the terms of the Policy.

12. Stevens-Henager College, Inc., California College San Diego, Inc., CollegeAmerica Denver, Inc., and CollegeAmerica Arizona, Inc. (collectively, the "Schools"), defendants in the below-referenced lawsuit, were merged into CEHE on or about December 31, 2012, and thereafter became dbas of CEHE.

13. On or about January 3, 2013, a *Complaint* was filed by plaintiff relators Katie Brooks and Nannette Wride on behalf of the United States in *United States of America ex rel. Katie Brooks and Nannette Wride v. Stevens-Henager College, Inc.*, Case Number 2:15-cv-

00119, a *qui tam* lawsuit initiated in the United States District Court for the District of Utah (the "Lawsuit").

14. On or about September 29, 2013, a *First Amended Complaint* asserting claims against the Insureds was filed in the Lawsuit, which added CEHE and Barney as named defendants to the Lawsuit.

15. On or about May 13, 2014, a *Second Amended Complaint* was filed with the Court in the Lawsuit.

16. On or about June 5, 2015, a *Third Amended Complaint* was filed with the Court in the Lawsuit. The claims asserted against the Insureds in the Lawsuit are referred to hereafter as the "Claims."

17. The Insureds timely provided written notice of the Lawsuit to the Insurance Company and demanded that it defend and indemnify them and any other insureds who were affected by the Lawsuit.

18. On or about May 5, 2014, the Insurance Company denied the Insureds' demand for coverage and refused, and has continued to refuse, to defend either CEHE or Barney against any of the Claims made in the Lawsuit.

19. CEHE has incurred and continues to incur significant fees and expenses.

20. CEHE and Barney are entitled to have the Insurance Company pay for all attorneys' fees and other expenses they incurred defending the Claims in the Lawsuit (collectively, together with all attorneys' fees and costs incurred in the future, the "Fees").

21. The amount of the Fees already incurred by CEHE exceeds the amount of the retention or deductible CEHE may be required to pay pursuant to the terms of the Policy.

22. The Insureds are entitled to be paid the difference of the amount of the Fees they have already incurred, as well as any amounts they will incur in the future, to defend against the claims asserted against them in the Lawsuit, less the amount of any retention or deductible they are required to pay pursuant to the terms of the Policy, as well as post-judgment interest at the highest rate allowed by law (collectively, the "Amount Owed"). The total amount of the Amount Owed exceeds $300,000.

23. The Insureds have and continue to incur the Fees because the Insurance Company refuses to defend them in the Lawsuit.

24. The Insurance Company has not paid any amount of the Fees and refuses to do so.

## First Claim for Relief
### (Declaratory Judgment)

25. The Insureds incorporate the foregoing allegations herein by this reference.

26. A dispute has arisen between the Parties concerning whether the Insurance Company is required to defend its Insureds in connection with the Claims asserted in the Lawsuit.

27. Each of the Parties has a legally protected interest in the controversy.

28. The Parties' interests are adverse.

29. The issues presented to the Court herein are ripe for justiciable determination. The Insurance Company has refused to defend its Insureds against the Claims brought in the Lawsuit, has refused to pay the Fees they incurred in the Lawsuit, and has communicated that it will continue to refuse to defend its Insureds against the Claims asserted in the Lawsuit and/or pay any amount of the Fees incurred in connection with the Lawsuit.

30. A justiciable controversy exists concerning the Insureds' rights under the Policy, which grants this Court the power to determine their rights.

31. The claim is actionable under the provisions of Utah Code Ann. § 78B-6-401 *et seq.*

32. The Insureds are entitled to have the Court enter judgment declaring that the Insurance Company must defend its Insureds in the Lawsuit and must pay the total amount of their Fees incurred in defending against the Claims brought in the Lawsuit.

### Second Claim for Relief
### (Breach of Contract)

33. The Insureds incorporate the foregoing allegations herein by this reference.

34. The Insurance Company offered the Policy to CEHE.

35. CEHE accepted the Policy.

36. The Policy is a contract between the Insureds and the Insurance Company.

37. CEHE has paid the Insurance Company, and the Insurance Company has accepted from CEHE, the full amount of the premiums owed for the Policy, which amount totaled approximately $150,000.

38. The Insureds have fully performed their obligations under the Policy.

39. Pursuant to the terms of the Policy, the Insurance Company has a duty to defend its Insureds in the Lawsuit.

40. The Insureds tendered the defense of the Lawsuit to the Insurance Company.

41. The Insurance Company has failed and refused to defend its Insureds in the Lawsuit, and has communicated to the Insureds that it will continue to refuse to defend them in the Lawsuit, thereby breaching the Policy.

42. As a result of the Insurance Company's failure and refusal to defend its Insureds in the Lawsuit, the Insureds have incurred, and will continue to incur, the Fees.

43. The Insurance Company's breach of the Policy was the proximate cause of the damages the Insureds have suffered.

44. The Insureds are entitled to have the Insurance Company pay the Amount Owed.

45. Because the Insureds continue to incur the Fees in connection with the Lawsuit, the amount of the Amount Owed continues to increase and is impossible to determine at this point, but totals more than $300,000.

### Third Claim for Relief
### (Breach of Covenant of Good Faith and Fair Dealing/Bad Faith)

46. The Insureds incorporate the foregoing allegations herein by this reference.

47. Implied in every contract is a covenant that a contracting party will not take actions that will intentionally destroy or injure the other party's right to the benefits of the contract.

48. Two of the exclusions that the Insurance Company has invoked as a basis for its refusal to defend its Insureds in the Lawsuit are exclusions from coverage that apply only if "a judgment or other final adjudication adverse to" the insured establishes that the exclusion applies (the "Final Judgment Exclusions").

49. The Final Judgment Exclusions do not become effective until there has been a final adjudication of the Claims asserted in the Lawsuit.

50. The Insureds are entitled to have the Insurance Company defend them during the course of the Lawsuit.

51. The Insureds' ability to obtain the benefit of having their Fees paid now, before there is a final adjudication in the Lawsuit, provides them with benefits that cannot be adequately addressed after the Lawsuit concludes and/or by contract damages. For example, receiving a defense now provides the Insureds with greater resources to vigorously defend themselves in the Lawsuit before there has been a final adjudication, and the Insureds' ability to defend themselves may affect the outcome of the Lawsuit.

52. The Final Judgment Exclusions create a conflict of interest for the Insurance Company because it financially benefits the Insurance Company if a final judgment is entered against the Insureds that would trigger one or both of the Final Judgment Exclusions.

53. Upon information and belief, the Insurance Company has attempted to avoid its duty to defend the Insureds in the Lawsuit by relying upon insurance policy provisions that, under the circumstances, do not preclude coverage.

54. Upon information and belief, the Insurance Company also has attempted to avoid its duty to defend the Insureds in the Lawsuit by failing to timely respond to the Insureds' communications. For example, in violation of the Utah Administrative Code, the Insurance Company has failed on multiple occasions to provide a timely and prompt response to its Insureds' request for a written response.

55. Upon information and belief, the Insurance Company failed to timely provide written responses to its Insureds' requests for substantive replies in connection with its attempt to delay and/or refuse coverage in an attempt to avoid its duty to defend the Insureds in the Lawsuit.

56. Because the plain language of the Policy clearly requires the Insurance Company to defend its Insureds during the course of the Lawsuit, the Insurance Company's duty to defend its Insureds was not fairly debatable.

57. In the alternative, because the language of the Policy is ambiguous (and, therefore, under well-established Utah law, must be construed in favor of insurance coverage), the Insurance Company's duty to defend its Insureds was not fairly debatable.

58. The Insurance Company's intentional refusal and failure to timely defend its Insureds in the Lawsuit is unreasonable and in violation of Utah law.

59. The Insurance Company's refusal and failure to defend its Insureds were not the result of a good faith mistake.

60. The Insurance Company's conduct violates, nullifies, and significantly impairs the benefit provided by the Policy.

61. The Insurance Company, in refusing to defend its Insureds in connection with the Claims asserted against them in the Lawsuit, failed to act towards them with honesty, fairly, and in good faith.

62. By failing to defend the Insureds, the Insurance Company has breached the covenant of good faith and fair dealing in the Policy.

63. The Insurance Company has committed insurance bad faith.

64. The Insureds are entitled to be timely defended in the Lawsuit and paid the Amount Owed.

65. The Insureds have suffered damages because of the Insurance Company's failure to honor its obligations under the Policy and breach of the covenant of good faith and fair dealing.

66. As explained above, the harm to the Insureds is not fully compensable by contract damages.

67. As a direct and proximate result of the Insurance Company's bad faith, its Insureds have suffered damages in an amount to be proven at trial, which amount includes the Fees, including attorneys' fees and all other costs of defense, and all other damages flowing from the adverse effects of the Insurance Company's refusal to defend its Insureds, including but not limited to the attorneys' fees and other expenses incurred by the Insureds in this action, and lost profits.

## **Prayer for Relief**

WHEREFORE, the Insureds pray for judgment against the Insurance Company as follows:

A. Under the Insureds' First Claim for Relief, for a declaratory judgment declaring that the Insurance Company must defend its Insureds in the Lawsuit and must pay the total amount of Fees incurred by the Insureds in the Lawsuit;

B. Under the Insureds' Second Claim for Relief, for judgment against the Insurance Company for damages in an amount to be proven at trial, including the Amount Owed;

C. Under the Insureds' Third Claim for Relief, for judgment against the Insurance Company for damages in an amount to be proven at trial, including the Amount Owed; all other damages flowing from the adverse effects of the Insurance Company's refusal to defend its

Insureds, including the attorneys' fees and other expenses incurred by the Insureds in this action; and interest at the highest rate allowed by law;

D. For all attorneys' fees and costs incurred by the Insureds in this action and in their defense of the Claims in the Lawsuit, and for prejudgment and post judgment interest as allowed by law; and

E. For such other and further relief as the Court deems just and proper.

F. Because the amount at issue exceeds $300,000, this lawsuit is governed by the requirements of Tier 3 set forth in Rule 26 of the *Utah Rules of Civil Procedure*.

### Jury Demand

Pursuant to Rule 38 of the *Utah Rules of Civil Procedure*, the Insureds demand a jury trial on all causes of action and claims for relief triable by jury.

DATED this 4th day of August, 2017.

**PARR BROWN GEE & LOVELESS, P.C.**

/s/ Stephen E. W. Hale
Stephen E. W. Hale
Laura G. Kennedy
*Attorneys for Center for Excellence in Higher Education, Inc.*

Plaintiffs' Addresses:

Center for Excellence in Higher Education, Inc.
4021 S. 700 E., Suite 400
Salt Lake City, Utah 84107

Carl Barney
20 Somers Drive
P.O. Box 1157
Crystal Bay, Nevada 89402